LYND, APPELLANT, *v.* SANDY & BEAVER VALLEY FARMERS MUTUAL INS. CO., APPELLEE.

(No. 929—Decided July 5, 1957.)

*Messrs. Riley & Riley,* for appellant.
*Mr. David E. Crowe,* for appellee.

RADCLIFF, J. This appeal on questions of law is from a judgment of the Common Pleas Court of Lawrence County

entered pursuant to a motion for a judgment notwithstanding the verdict of the jury. The verdict was for the plaintiff-appellant and in the sum of $800. The verdict of the jury was journalized on June 5, 1956, and subsequently thereto there was filed, on behalf of the defendant-appellee, a motion for a judgment notwithstanding the verdict. The motion was sustained and journalized on July 30, 1956, holding for naught the prior entry on the verdict of the jury. For some reason, not apparent in the record, the entry of June 5 was expunged from the record and does not appear in the transcript.

There are two assignments of error, as follows:

1. The court had no reason to set aside the judgment heretofore rendered in this case and find for the defendant, for the reason that said finding is contrary to law.

2. All the evidence introduced in this case shows that the verdict and judgment should have been for the plaintiff.

At the risk of oversimplification the entire issue in this matter may be stated as one question: Is the failure of plaintiff to introduce into evidence a copy of the policy of fire and windstorm insurance upon which he seeks to recover from the defendant insurer for the loss of a barn and damage to certain livestock fatal to plaintiff's case?

The policy was not introduced into evidence nor was it appended to the petition as an exhibit. The only reference to the policy and as to whether it was in force and effect, or covered the loss here complained of, is in a colloquy that took place among counsel for the plaintiff, counsel for defendant, and the court. Reference is made to the number of the policy, and counsel for the defendant admitted that a policy had been issued and that he might even introduce it into evidence. In the record there is a statement by one of the witnesses, who was an agent of the defendant, to the effect that plaintiff did have insurance with the defendant providing windstorm protection on his barn.

The defendant moved for a directed verdict at the conclusion of the plaintiff's opening statement, at the conclusion of the plaintiff's case in chief, at the conclusion of the plaintiff's case in rebuttal and at the conclusion of the court's general charge. All these motions for a directed verdict were over-

ruled. This is a sufficient resume of the facts, for we are not faced with that problem in this case.

Was the sustaining of the motion for a judgment notwithstanding the verdict of the jury proper? The motion was filed pursuant to Section 2323.18, Revised Code, which reads as follows:

"When, upon the statements in the pleadings or upon the evidence received upon the trial, or both, one party is entitled by law to judgment in his favor, upon motion of such party, filed as provided in Section 2323.181 of the Revised Code, judgment shall be so rendered by the court although the jury may have failed to reach a verdict or a verdict has been rendered against such party and a judgment entered thereon, and whether or not a motion to direct a verdict has been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. When a judgment has been entered upon a verdict, and thereafter a judgment is entered contrary to the verdict under the provisions of this section, the judgment previously entered upon the verdict shall be thereby vacated and set aside.

"This section applies, to any action or proceeding pending in the court on the effective date of this section."

It is to be regretted that the entire opinion of the trial court is not included in the transcript or the bill of exceptions (a portion of it does appear in the brief of defendant). It would have been very helpful to this court in the disposition of the case had the entire opinion been included.

Again, at the risk of oversimplification and certainly repetition, the sole question is: Is it a condition precedent to recovery thereon that an insurance policy and the conditions and terms thereof be introduced in evidence?

It is well recognized that an insurance policy is a contract setting forth the conditions under which the insurer will pay to the insured certain amounts in the event of certain happenings. There is no deviation from that long and well established principle of law, and, this being a suit upon a contract, what is the effect of the failure to introduce that contract into the record? We must turn to the underlying question—burden of proof. We know such burden is upon the person who will be defeated

as to either a particular issue or the entire case if *no* evidence relating thereto is given on either side. This is the general rule and its application to actions based upon contract carries no peculiar exception. The burden of establishing the contract and the terms thereof is upon the person who asserts the agreement, and the burden applies not only to the existence of the contract but also to consideration and sufficiency in law.

As to particular types of contracts, such as a policy of insurance, again the general rule as to burden of proof applies without any exceptions. The question seems so elemental that one would expect to find innumerable references and decisions. Perhaps because the question is so simple there is almost a dearth of cases upon this point, and as a result reliance must be placed upon general statements of law, such as the following one in 22 Ohio Jurisprudence, 868, Section 771:

"Generally speaking, for insurance purposes, the party averring a particular fact or state of facts, upon which reliance is necessarily placed, has the burden of establishing the same. Thus, conditions precedent must be proved by plaintiff, who seeks to recover on insurance policy, but not conditions subsequent * * *."

Bearing more specifically on our problem is the following statement in 22 Ohio Jurisprudence, 870, Section 773:

"Furthermore, the policy should be produced in all cases in which it is available, since it forms the basis of the plaintiff's action and constitutes the best evidence obtainable, in that, in order to recover upon a policy, the express terms and conditions relied on must be proven, for the contract is the basis of insurer's obligation, and measures its liability, so that insured must show that insurer promised the indemnity claimed."

In 8 Couch, Cyclopedia of Insurance Law, 7035, Section 2176 (which is the outstanding work on insurance), is found the following pertinent statement of the law:

"Since the ordinary policy of insurance * * * is the written evidence of the contract actually made, it constitutes evidence of such a nature that the rule that parol evidence is inadmissible to vary or control written contracts applies, and it should be introduced in evidence to show the risks that are covered and the extent of the insurer's obligation. It must, therefore, be

produced in all cases in which it is available, since, if it has been delivered, it forms the basis of the plaintiff's action, being the best evidence obtainable, and, if lost, its loss should be accounted for * * *. It is also necessary, in order to recover upon a policy, that the express terms and conditions relied on be proven, for the policy and contract are the basis of insurer's obligation, and measure its liability, so that insured must show that insurer promised the indemnity claimed. In fact, the insured has the burden of showing the existence of a valid contract.''

To support this general statement of the law there are numerous citations from other jurisdictions that need not be included herein.

It is evident after examination of the authorities just referred to that, having failed to introduce the policy into evidence or to establish the fact that it was lost, so that the conditions and terms thereof could be established by other evidence, the plaintiff herein failed to meet the burden of proof required of him. It follows that the trial court, in sustaining the motion for a judgment notwithstanding the verdict of the jury, did the only thing it could have done in view of the state of the record. Therefore, the judgment of the Common Pleas Court of Lawrence County should be, and it hereby is, affirmed.

*Judgment affirmed.*

COLLIER, P. J., and GILLEN, J., concur.