DECISION
In October 1996, Benny Nious obtained a loan from the Columbus Metro Federal Credit Union ("Credit Union") to finance a 1995 Oldsmobile Cutlass. As part of the financing package, Mr. Nious was given the option of purchasing credit life insurance. Mr. Nious decided to purchase the insurance. He signed an application for group credit insurance, indicating that he would pay the $490.22 premium. The credit life insurance policy was underwritten by defendant-appellee, The Minnesota Mutual Life Insurance Company ("Minnesota Mutual").
Mr. Nious died on October 14, 1997. His wife, plaintiff-appellant Tommye Nious ("Nious"), submitted an insurance claim, which Minnesota Mutual denied. According to Minnesota Mutual, Mr. Nious made a material misrepresentation on the insurance application when he indicated he had not been treated for coronary artery disease during the prior two years. Nious filed this lawsuit in an effort to collect on the insurance policy.
The parties agreed to a trial by jury with a magistrate presiding. At trial, Nious' sole claim was for breach of the insurance contract. At the close of Nious' case-in-chief, the magistrate directed a verdict in favor of Minnesota Mutual on the grounds that Nious did not meet her burden of proof because she failed to introduce a copy of the insurance contract into evidence. The trial court overruled Nious' objection to the magistrate's decision and adopted the decision. Nious now asserts the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DIRECTED VERDICT IN FAVOR OF DEFENDANT.
When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), the appellate court must determine whether the trial court abused its discretion in adopting the decision. The Spring Works, Inc. v. Sarff (June 20, 1996), Franklin App. No. 96APE02-127, unreported, at 7. "The term `abuse of discretion' suggests that the lower court acted with an unreasonable, arbitrary or unconscionable attitude." Id. at 7-8. We conclude that the trial court did not abuse its discretion in adopting the decision of the magistrate and directing a verdict in Minnesota Mutual's favor.
Civ.R. 50(A)(4) sets the standard for a directed verdict:
 * * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A directed verdict is proper when the non-moving party fails to provide any evidence on an essential element of his claim. Bittinger v. Klotzman
(1996), 113 Ohio App.3d 847, 851.
In order to recover on a claim for breach of an insurance contract, a plaintiff must prove that a policy of insurance existed and that the claimed loss was covered under the policy. Inland Rivers Service Corp.v. Hartford Fire Ins. Co. (1981), 66 Ohio St.2d 32, 34. Ohio courts have held that, in order to meet this burden of proof, a plaintiff must either "introduce the policy into evidence" or "establish the fact that it is lost, so that the conditions and terms thereof can be established by other evidence." Lynd v. Sandy Beaver Valley Farmers Mut. Ins. Co.
(1957), 103 Ohio App. 408, syllabus. As a matter of law, a plaintiff who fails to introduce a copy of the insurance policy or account for its loss may not prevail on a claim for breach of the insurance contract. Id.
See, also, Kleem v. Nationwide Ins. Co. (Oct. 6, 1983), Cuyahoga App. No. 46027, unreported (affirming a directed verdict in favor of the insurance company because the claimant failed to introduce a copy of the insurance policy or explain its absence).
In her objection to the magistrate's decision, Nious argued that she met her burden of proof because she introduced into evidence her husband's application for credit insurance. We conclude that the trial court did not abuse its discretion when it rejected this argument. The application for credit insurance, a document that occupies less than one-third of one page, does not establish the terms and conditions of coverage. Even if the application could suffice to demonstrate that Nious had entered into a contract for insurance, it does not demonstrate that the claimed loss was covered under the policy. See Kleem (noting that oral testimony and copies of a premium notice did not suffice to meet the claimant's burden of proof, as the evidence did not establish that the loss was covered under the policy).
In her objections to the magistrate's decision, Nious also argued that neither she nor her husband received a copy of the insurance policy. She provided no evidence at trial, however, that her husband never received a copy of the policy. The record presented to the trial court was entirely devoid of any explanation for the absence of the policy. Nor did Nious establish the terms and conditions of the policy by other evidence.
Because Nious failed to introduce a copy of the policy or explain its absence, the trial court did not abuse its discretion in adopting the magistrate's decision granting a directed verdict in favor of Minnesota Mutual. We therefore overrule Nious' assignment of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.
PETREE and KENNEDY, JJ., concur.
 _____________________________ BOWMAN, J.