This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument before this court. Plaintiffs-Appellants, Henry and Juanita Piergallini (hereinafter "the Piergallinis"), appeal the judgment of the Belmont County Court of Common Pleas dismissing Mrs. Piergallini's claim for loss of consortium in favor of Defendant-Appellee, Lena Brister (hereinafter "Brister"). The issue we must address is whether the automobile insurance policy covering Brister at the time of the incident which provides coverage for a loss of consortium claim, is either subject to a separate per person limit, or is included in the per person limit covering the injured party. Because the Piergallinis failed to present the insurance policy for the first year of the two year guarantee period provided for by R.C. 3937.31, they could not argue the loss of consortium claim was subject to a separate per person limit by operation of law. As the only policy in evidence specified derivative claims were subject to the per person limit covering the injured party, the trial court properly granted State Farm summary judgment. For the following reasons, the decision of the trial court is affirmed.
On November 6, 1996, Mr. Piergallini was crossing the street when he was struck by a vehicle driven by Brister. The Piergallinis filed suit against Brister to recover for both Mr. Piergallini's personal injuries and Mrs. Piergallini's loss of consortium. At the time of the incident, Brister was insured by State Farm Insurance Company. The liability policy of automobile insurance (hereinafter "1996 policy") had an inception date of February 1, 1996, with $100,000 per person and $300,000 per accident limits. Notably, the language of this policy limits all claims arising out of one injury to a single per person limit of $100,000.
Although the parties disputed coverage of the loss of consortium claim, they mutually agreed to settle and release Mr. Piergallini's claims for policy limits of $100,000. The Piergallinis reserved the right to go forward with the loss of consortium claim, stipulating that if a court determined the State Farm insurance policy did not provide separate coverage for the remaining claim, they would not pursue Brister personally. Brister filed a motion for summary judgment asserting Mrs. Piergallini's loss of consortium claim should be dismissed because the liability policy term limits of $100,000 per person had already been paid to the Piergallinis as and for Mr. Pergallini's personal injury claim, thereby exhausting coverage and the policy explicitly provides a loss of consortium claim is subject to that per person limit.
In response, the Piergallinis argued a review of the declaration page and policy in effect at the time of the accident revealed the 1996 policy was not the first policy issued to Brister. Instead, it was a replacement of a prior policy which, they contend, may provide for separate limits for such claims, entitling the Pergallinis to recover by operation of law, specifically R.C. 3937.31. The Piergallinis continued in their argument opposing summary judgment that they did in fact request a copy of the policy in effect immediately preceding the 1996 policy, but, without any further explanation, claim they were never given a copy of that policy. The Piergallinis were, however, provided with a copy of the policy which covered Brister from February 1, 1993 to February 1, 1995. The policy which is apparently missing would purportedly cover Brister from February 1, 1995 to February 1, 1996.
On February 23, 2001, the trial court granted Brister's motion for summary judgment reasoning "the plaintiff cannot rely upon missing information to defeat a motion for summary judgment." Specifically, they could not use the missing policy in order to possibly avail themselves of R.C. 3937.31.
The Piergallinis timely appealed from that judgment, and assign the following as errors committed by the trial court. As they involve similar facts and analysis, they will be discussed jointly.
 "The Trial Court Erred in Dismissing the Consortium Claim of Juanita Piergallini."
 "The Trial Court Committed Error in Sustaining and Granting the Appellee's Motion for Summary Judgement [sic]."
Initially, we recognize the Piergallinis sought a determination from the trial court regarding the existence of additional coverage. Accordingly, the trial court's decision constitutes a declaratory judgment. When an action for declaratory judgment is disposed of via summary judgment, the proper standard of review is de novo under the strictures set forth in Civ.R. 56(C). King v. Western Reserve Group
(1997), 125 Ohio App.3d 1, 5, 707 N.E.2d 947. In other words, we review the trial court's judgment independently with no deference given to its decision. Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153.
Civ.R. 56(C) provides a court may not grant summary judgment unless it determines: 1) no genuine issue of material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and, 3) it appears from the evidence reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Stateex rel. Hipp v. City of North Canton, 75 Ohio St.3d 221, 222, 1996-Ohio-0225, 661 N.E.2d 1090, citing State ex rel Howard v. Ferreri,70 Ohio St.3d 587, 589, 1994-Ohio-0130, 639 N.E.2d 1189. In summary judgment proceedings the movant bears the initial burden of informing the trial court the basis for the motion, and must identify the parts of the record which establish no genuine issue of material fact exists as to the essential elements of the opposing party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-0107, 662 N.E.2d 264. Once this initial burden is met, the opposing party has a reciprocal burden to show specific facts which demonstrate a genuine issue exists for trial. Id.
In order to understand the Piergallinis' basis for contending the trial court erred in granting State Farm summary judgment, a review of the statutory and case law controlling insurance coverage for derivative claims is instructive. When determining the scope of coverage of an insurance policy, the statutory law in effect at the time the contract for automobile liability insurance was entered into controls the rights and duties of the contracting parties. Ross v. Farmers Ins. Group ofCompanies, 82 Ohio St.3d 281, 1998-Ohio-0381, 695 N.E.2d 732, syllabus.
Prior to the passage of S.B. 20, effective October 20, 1994, R.C. 3937.18
required insurers to pay uninsured and underinsured benefits to the extent the insured's damages exceeded the amount paid by the tortfeasor. For example, it allowed both an insured sustaining bodily injury and a person asserting a derivative claim for loss of consortium based on that bodily injury to seek separate per person limits of underinsured motorist coverage. Schaefer v. Allstate Ins. Co., 76 Ohio St.3d 553, 1996-Ohio-0368, 668 N.E.2d 913, syllabus. Citing prior decisions from the Fourth and Fifth Districts, the court in Jones v. U.S.A.A. InsuranceCo., (Mar. 31, 2000), 11th Dist. No. 98-L-253, applied the holding inSchaefer to liability insurance policies, reasoning Schaefer overruled prior case law involving such policies. However, in S.B. 20 the legislature amended the statutory framework, allowing insurance policies to contain provisions treating all claims arising out of one person's bodily injury as a single claim, effectively overruling Schaefer. SeeWallace v. Balint, 94 Ohio St.3d 182, 2002-Ohio-0480, 761 N.E.2d 598; R.C. 3937.18(H); R.C. 3937.44.
Pursuant to the terms of the 1996 policy at issue in this case, it is clear State Farm took advantage of the change in R.C. 3937.44 and R.C.3937.18(H) and included a provision treating all claims arising out of one person's bodily injury as a single claim. Thus the Piergallinis cannot avail themselves of the holdings in Schaefer and Jones. However, the Piergallinis argue the loss of consortium claim may still be treated as a separate claim due to the 1995 policy and its relationship to R.C.3937.31(A).
R.C. 3937.31(A) provides:
 "Every automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years."
As the Ohio Supreme Court has stated,
 "[P]ursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state, must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. We further hold that the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. * * * Finally, the guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage. Rather, the statute applies to every new automobile insurance policy issued, regardless of the number of times the parties previously have contracted for motor vehicle insurance coverage." Wolfe v. Wolfe, 88 Ohio St.3d 246, 250, 2000-Ohio-0322, 725 N.E.2d 261.
 In the present case, both parties agree the initial policy was issued on February 1, 1993, and terminated on February 1, 1995. The next policy offered into evidence begins on February 1, 1996, and terminates on February 1998. There appears to be a gap in coverage from February 1, 1995, until February 1, 1996. Mrs. Piergallini explains there has been no information provided by State Farm relative to that apparent gap.
 In accordance with Wolfe, supra, we must look to the issuance date of the original contract and then count successive two-year periods from that date to determine whether S.B. 20 applies. In the present case, the relevant policy period would run from February 1, 1995 to February 1, 1997. This policy period clearly commenced after the October 20, 1994 effective date of S.B. 20 which would allow for the legislation to be incorporated into the contract. Although it is clear State Farm took advantage of the legislative change in the 1996 policy by limiting all claims arising out of a single individual's bodily injury to the per person limit, Mrs. Piergallini argues the missing contract creates a genuine issue of material fact as to the whether the 1995 policy contained the same limiting language.
This court has held Civ.R. 56(C) requires that a court grant summary judgment, after adequate time for discovery and upon motion, against a party who fails to sufficiently show the existence of the essential elements of a claim upon which that party will bear the burden of proof at trial. Lovejoy v. Westfield Nat. Ins. Co. (1996), 116 Ohio App.3d 470,474, 688 N.E.2d 563. To defeat a summary judgment motion, the nonmovant must present some evidence which raises a genuine issue of material fact. Nice v. Marysville (1992), 82 Ohio App.3d 109, 116, 611 N.E.2d 468. If such evidence is not provided the motion for summary judgment should be granted. Id.
In order to recover on a claim for breach of an insurance contract, a plaintiff must prove that a policy of insurance existed and that the claimed loss was covered under the policy. Inland Rivers Service Corp.v. Hartford Fire Ins. Co. (1981), 66 Ohio St.2d 32, 34, 20 O.O.3d 20,418 N.E.2d 1381. In order to meet this burden of proof, a plaintiff must either "introduce the policy into evidence" or "establish the fact that it is lost, so that the conditions and terms thereof can be established by other evidence." Lynd v. Sandy Beaver Valley Farmers Mut. Ins. Co. (1957), 103 Ohio App. 408, 20 O.B.R. 408, 486 N.E.2d 103, syllabus. As a matter of law, a plaintiff who fails to introduce a copy of the insurance policy or account for its loss may not prevail on a claim for breach of the insurance contract. Id.
This principle was followed in Kleem v. Nationwide Ins. Co. (Oct. 6, 1983), 8th Dist. No. 46027. In Kleem, the court affirmed a directed verdict in favor of the insurance company because the claimant failed to introduce a copy of the insurance policy or explain its absence. Significantly, the court noted oral testimony and copies of a premium notice do not suffice to meet the claimant's burden of proof, as the evidence did not establish the loss was covered under the policy. SeeNious v. The Minnesota Mut. Life Ins. Co. (Mar. 6, 2001), 10th Dist. No. 00AP-847.
Similarly, in Westfield Companies v. Kette (Mar. 29, 1996), 6th Dist. No. E-95-051, the plaintiffs premised their appeal upon the rule of insurance contract construction that policies should be construed liberally in favor of the insured and strictly against the insurer; thus, when there is an absence of exclusionary language in a policy coverage must be found. See King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus. According to the plaintiffs in Westfield, as the defendant was unable to produce any policy applying to the relevant policy year, no exclusion language was present and therefore, there must be coverage.
The Sixth District responded to these contentions as follows:
"The Appellants, however, misapprehend their burdens in this matter. It has long been held that any party who seeks to establish insurance coverage must prove the existence and terms of the insurance contract.List Son v. Chase (1909), 80 Ohio St. 42, paragraph one of the syllabus, see, also, Reed v. Standard Slag Co. (Apr. 28, 1987), Scioto App. No. CA1585, unreported, Kennedy v. Weber (May 15, 1981), Lucas App. No. L-80-289, unreported. The fact that an insurer brings a declaratory action challenging coverage does not shift the burden of proof from the insured. Allstate Insurance Co. v. Insurance Co. of North America (Oct. 2, 1990), Cuyahoga App. No. 40673, unreported, citing Preferred AccidentIns. Co. of New York v. Grasso (C.A.2, 1951), 186 F.2d 987, 991. If the party asserting insurance coverage has failed to retain ancient policies, absent evidence of the insurer's bad faith in complying with discovery, he or she has little leave to complain that his or her insurer has also failed to retain these records." Kette at 3.
In the present case, Mrs. Piergallini has failed to either produce the 1995 policy or raise as error any irregularity in the discovery proceedings. Although Mrs. Piergallini is correct in stating the missing policy may have language which could possibly cover her claim for loss of consortium, her reliance on allegations or denial in the pleadings is insufficient. Civ.R. 56(E). So, too, is her resting on mere conjecture or speculation, as the nonmovant must do more than present some "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co., Ltd. v.Zenith Corp. (1986), 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 138.
Mrs. Piergallini has no way of establishing the existence or, more importantly, the terms of the 1995 contract, in order to possibly avail herself of R.C. 3937.18 and obtain coverage by operation of law. As she has failed to meet the requisite burden to survive summary judgment, the trial court did not err by dismissing her claim against Brister. There was no genuine issue of the material fact central to this case. The policy in force at the time Brister struck Mr. Pergallini, provided Mrs. Pergallini's derivative consortium claim was subject to the same per person limit covering Mr. Pergallini's personal injuries.
For the foregoing reasons, the Pergallinis' assignments of error are meritless. The decision of the trial court is affirmed.
Donofrio, J., and Waite, J., concur.