JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Appellant Dr. Carl R. Fischer ("Fischer"), Administrator of the Estate of Robert C. Fischer, appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee United Services Automobile Association (" USAA"). For the reasons adduced below, we affirm in part, reverse in part, and remand the matter for further proceedings.
 {¶ 2} The following facts give rise to this appeal. Fischer brought this declaratory judgment action seeking to recover compensation for damages suffered as a result of the wrongful death of his son by an uninsured motorist. In the complaint, Fischer alleged his son, Robert C. Fischer, died as a result of injuries sustained in a motor vehicle accident caused by Theodore Ciano on November 8, 1988. Fischer further alleged that he and his wife, Audrey Fischer, were insureds under an auto policy of insurance and an umbrella policy of insurance issued by USAA and that the policies provided uninsured/underinsured motorist ("UM/UIM") coverage. Fischer alleged the policies were requested from USAA, but USAA did not have copies of the policies. Neither insurance policy was attached to the complaint.
 {¶ 3} USAA filed a motion for summary judgment arguing that Fischer failed to prove the terms and conditions of the policy and failed to establish the policy was in effect at the time of the accident. USAA also argued Fischer failed to provide prompt notice, prejudiced USAA's subrogation rights, and was not legally entitled to recover from the tortfeasor. Additionally, USAA produced a rejection form, executed by Fischer on October 3, 1986, in which Fischer rejected UM/UIM coverage for his umbrella policy. On the rejection form, Fischer acknowledged his present Ohio auto policy was with USAA and authorized an increase of UM/UIM limits on the auto policy to $100,000/$200,000, if necessary.
 {¶ 4} Fischer filed a motion for partial summary judgment on the issue of coverage. In support of his motion, Fischer attached his own personal affidavit claiming he was insured at the time of the accident under a policy of insurance with USAA that provided automobile liability insurance and UM/UIM coverage with policy limits of $100,000 per person and $300,000 per occurrence. Fischer also stated in his affidavit that he was insured at the time of the accident under an umbrella policy issued by USAA that provided automobile liability insurance and UM/UIM coverage with policy limits of $1,000,000. Fischer stated he was advised by USAA that the tortfeasor was uncollectible. Fischer attached a statement from USAA dated February 1, 2000, indicating Fischer was a 40+ year member. Fischer also attached personal checks made payable to USAA in 1988, including the months of October through December. The checks noted only Fischer's member number and did not indicate any policy numbers.
 {¶ 5} In addition, Fischer attached USAA's responses to his request for admissions. USAA confirmed Fischer had been a member for a period of 40 years or more. While USAA could not verify the existence of the policy on the date of the accident for the stated reason that "company records back to 1988 do not exist," USAA conceded that Fischer may have been an insured. USAA further indicated, with respect to the auto policy, that "according to records dating back to May of 1993, and per a request of [Fischer] executed on October 3, 1986, it would appear the policy limits were $100,000/$200,000." USAA also acknowledged" the possibility of an umbrella policy" and indicated from information dating back to 1993 a policy limit of $1,000,000.
 {¶ 6} The trial court granted USAA's motion and denied Fischer's motion. The court found that Fischer could not establish that there was an automobile policy in effect at the time of the accident. The court also found that a valid rejection was executed on the umbrella policy. Upon these findings, the court declared Fischer was not entitled to UM/UIM coverage under the alleged auto and umbrella policies.
 {¶ 7} Fischer has appealed the trial court's decision raising one assignment of error for our review, which provides:
 {¶ 8} "The trial court erred in granting summary judgment for defendant in that the trial court improperly resolved disputed material questions of fact in favor of the moving party and against the non-moving respondent contrary to civil rule 56."
 {¶ 9} This court reviews the trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, citing toTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, andHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 10} In this case, Fischer is seeking to recover on a claim for breach of an insurance contract. In order to establish a sufficient claim for breach of an insurance contract, the plaintiff bears the burden of proof to demonstrate the existence of the policy of insurance and that the claimed loss was covered under the policy. Kleem v. Nationwide Ins. Co. (Oct. 6, 1983), Cuyahoga App. No. 46027, citing Inland Rivers Service Corp. v.Hartford Fire Ins. Co. (1981), 66 Ohio St.2d 32, 34. This burden of proof requires a plaintiff to either" introduce the policy into evidence" or "establish the fact that it is lost, so that the conditions and terms of the policy can be established by other evidence." Piergallini v. Brister, Belmont App. No. 01 BA 15, 2002-Ohio-2996; Nious v. Minnesota Mut. Life Ins. Co. (Mar. 6, 2001), Franklin App. No. 00AP-847, citing Lynd v. Sandy Beaver Farmers Mut. Ins. Co. (1957), 103 Ohio App. 408.
 {¶ 11} Fischer did not introduce the policies of insurance into evidence. However, in the complaint, Fischer alleged he had requested copies of the policies, but USAA did not have the policies. Further, USAA admitted company records back to 1988 did not exist. Although Fischer did not indicate what happened to the original policies he was issued, it is clear that Fischer attempted to obtain copies, but they were not retained by USAA. Upon this evidence, we find Fischer established the policies were lost so that the terms and conditions could be established by other evidence.
 {¶ 12} The issue becomes whether Fischer presented sufficient evidence to create material questions of fact concerning whether the policies existed and whether the claimed loss was covered. We first consider the auto policy.
 {¶ 13} Not only did Fischer provide an affidavit attesting to an auto policy with USAA and its UM/UIM limits, but also, Fischer provided copies of monthly checks issued to USAA during the year of the accident. Additionally, the rejection form for the umbrella policy acknowledged the existence of an auto policy and the limits thereof. USAA also conceded the possibility of the existence of an umbrella policy, which would also suggest the existence of an underlying policy.
 {¶ 14} We find Fischer presented sufficient evidence from which reasonable minds could find that a contract of insurance existed between the parties at the time of the accident. We also find the evidence presented pertaining to the existence of UM/UIM coverage and the limits of the policy was sufficient to create a material issue of fact as to whether the claimed loss was covered. Therefore, as to the existence and the terms of the policy, genuine issues of fact remain for trial. See Helman v.Hartford Fire Ins. Co. (1995), 105 Ohio App.3d 617,622.[1]
 {¶ 15} USAA also argues that all policies require prompt notification and that Fischer failed to promptly notify USAA of his intention to make a claim under his policy and member number. USAA concedes a personal property claim was promptly presented under a renter's policy issued to Robert R. Fischer. Whether any notice and subrogation terms in the alleged policy have been breached is an issue of fact to be determined by the trial court in accordance with Fernando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217.
 {¶ 16} USAA further claims that Fischer is not legally entitled to recover from the tortfeasor because his wrongful death action, which was subject to a two-year statute of limitations, was dismissed for lack of prosecution. The applicable version of R.C. 3937.18 required insurance companies to provide UM coverage for the protection of insureds thereunder "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom[.]"Horsely v. United Ohio Ins. Co. (1991), 58 Ohio St.3d 44, 45. The Ohio Supreme Court has interpreted the phrase "legally entitled to recover" to mean that the insured must be able to prove the elements of his claim against the tortfeasor. Ohayonv. Safeco Ins. Co., 91 Ohio St.3d 474, 484, 2001-Ohio-100. There is no indication that damages must actually be proven in a lawsuit against the tortfeasor. Moreover, the statute is ambiguous as to what point in time the insured must be "legally entitled to recover" and as to whether a lawsuit must even be filed. See McCollam v. Am. Foreign Ins. Co. (Nov. 24, 2003), Stark App. No. 2003CA00096; Ponser v. St. Paul Fire MarineIns. Co., Licking App. No. 2002CA00072, 2003-Ohio-4377; OhioFarmers Ins. Co. v. Binegar (Dec. 29, 1993), Montgomery App. No. 13906.
 {¶ 17} In 1994, R.C. 3937.18 was amended to include language specifically clarifying that "a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle." (Emphasis added.)[2] The statutory language lends credence to the argument that neither actual recovery of damages nor a judgment of liability against the tortfeasor is required.[3] We also recognize that in cases such as this where an insured is advised by his insurance company that the tortfeasor is uncollectible, pursuing an action against the tortfeasor may not be practical. It is the legal entitlement to recover from an uninsured motorist, not the pursuit of recovery itself, that gives rise to a claim for UM coverage. Because R.C. 3937.18 is a remedial statute to be liberally construed to give effect to the remedy it provides, we find the fact that Fischer failed to pursue the wrongful death claim does not preclude him from seeking UM/UIM coverage under the statute. See McCollam, supra; Ponser,supra; Ohio Farmers Ins., supra.
 {¶ 18} With respect to the umbrella policy, the evidence reflects a valid rejection was signed by Fischer on October 3, 1986. In Linko v. Indemnity Insurance Co. (2000),90 Ohio St.3d 445, 449, 2000-Ohio-92, the Ohio Supreme Court held that a written offer to provide UM/UIM coverage must contain "a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits." Our review of the rejection form signed by Fischer reveals that it complied with the Linko requirements. Further, Fischer conceded this issue at oral argument.
 {¶ 19} Once UM coverage has been properly offered and rejected, unless requested in writing, coverage is not required to be offered in renewal policies. Branch v. Lapushansky,153 Ohio App.3d 170, 175, 2003-Ohio-3465. Since there was no evidence of such a request, the 1986 rejection would apply to bar UM coverage under the umbrella policy. Therefore, we affirm the trial court's decision insofar as it granted summary judgment in favor of USAA on the umbrella policy.
 {¶ 20} Fischer's assigned error is sustained in part.
 {¶ 21} The judgment is affirmed in part, reversed in part, and remanded.
 Karpinski, P.J., and Calabrese, Jr., J., concur.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Insofar as certain terms, such as a notice provision, have not been established, USAA has acknowledged the existence of records dating back to 1993, including policy limits, and presumably maintains subsequent policies that may be used as evidence of standard terms within its policies.
[2] There have also been subsequent amendments to the statute.
[3] We recognize this court reached a different conclusion inTaylor v. Kemper Ins. Co., Cuyahoga App. No. 81360, 2003-Ohio-177, affirmed on other grounds, 100 Ohio St.3d 342,2003-Ohio-6516 (relying on authority of Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849).