{¶ 17} I respectfully dissent.
 {¶ 18} In its first cross assignment of error, Indiana Insurance Company argues that summary judgment is proper on the grounds that the McGraths failed to raise an issue regarding whether they are insureds under the policy and whether they are entitled to coverage.
 {¶ 19} It is the established, black-letter law that the McGraths bore the burden of establishing that they are entitled to coverage under the Indiana policy. "In order to establish a sufficient claim for breach of an insurance contract, the plaintiff bears the burden of proof to demonstrate the existence of the policy of insurance and that the claimed loss was covered under the policy." Fischer v. United Servs Auto. Assn., 8th Dist. No. 83173, 2004-Ohio-1682, at ¶ 10, citing Kleem v.Nationwide Ins. Co. (Oct. 6, 1983), 8th Dist. No. 46027, 1983 Ohio App. LEXIS 12865, at *3-*4, citing Inland Rivers Serv.Corp. v. Hartford Fire Ins. Co. (1981), 66 Ohio St.2d 32, 34; accord Piergallini v. Brister, 7th Dist. No. 01 BA 15, 2002-Ohio-2996, at ¶ 21.
 {¶ 20} It is equally well-established that the plaintiffs in the present case, the McGraths, have failed to do so. Therefore, Indiana Insurance is entitled to summary judgment.
 {¶ 21} The majority reverses, however, on the grounds that enhancement technology might render legible the otherwise illegible parts of this policy. A plaintiff is entitled to establish the terms and conditions of an illegible insurance by policy by "other evidence." See Piergallini, 2002-Ohio-2996, at ¶ 21 (citation omitted). The problem herein is that the McGraths have failed to do so. Upon Indiana Insurance's moving for summary judgment, the McGraths bore the burden of proving, not that the policy could be reconstructed, but that they are entitled to coverage under the policy. If the McGraths required additional time to reconstruct the policy, Civ.R. 56(F) provided the appropriate remedy.
 {¶ 22} The majority also errs by reversing on the narrow issue of whether the McGrath's uninsured/underinsured motorist claim is timely under the terms of the Indiana policy. Where the plaintiffs have failed to establish a prima facie case of entitlement to coverage, the question of whether the claim was timely is a non-issue.
 {¶ 23} The majority declines to discuss the issue raised in Indiana Insurance's cross-assignment of error on the grounds that the trial court did not rule on this issue and, thus, the issue is "not ripe for review."
 {¶ 24} Our review of an award of summary judgment is de novo. "[W]e review the judgment independently and without deference to the trial court's determination." Wetmore v. Am. Guard Co.,
11th Dist. No. 2002-L-058, 2003-Ohio-1589, at ¶ 11, citing Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Moreover, the role of the appellate court is to review judgment of the court below, and affirm that judgment if there are grounds to support it. State ex rel. Meyers v. Columbus (1995),71 Ohio St.3d 603, 605 ("a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof"); State v. Eschenauer (Nov. 10, 1988), 11th Dist. No. 12-237, 1988 Ohio App. LEXIS 4479, at *8 ("reviewing courts affirm and reverse judgments, not reasons") (citation omitted).
 {¶ 25} Remanding a case so that evidence in the record can "be enhanced" or "interpreted in some other matter" is contrary to our system of appellate jurisprudence. There is hardly an appellate case that would not benefit from remand so that an appellant could enhance the evidence in the record. That is not
how our appellate system works.
 {¶ 26} In the absence of evidence that the McGraths' claimed loss is covered under the Indiana Insurance policy, the trial court's ruling should be affirmed.