**CONLEY, Appellant,**

v.

**LINDSAY ACURA, Appellee.**

[Cite as *Conley v. Lindsay Acura* (1997), 123 Ohio App.3d 570.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE04–557.

Decided Sept. 9, 1997.

*Charley Hess*, for appellant.

*Whann & Associates* and *Jay McKirahan*, for appellee.

TYACK, Presiding Judge.

The facts of this case are both straightforward and undisputed. In 1996, defendant, Lindsay Acura ("Acura"), a car dealership, ran a print advertisement in a local newspaper that contained language offering $200 off the purchase price of any vehicle. The relevant language of the coupon reads as follows: "Bring This Ad In And SAVE $200.00 OFF Selling Price!"

The plaintiff, Robert Conley, Jr., went to Acura armed with seventy–four copies of the ad, which he offered, unsuccessfully, as full payment for a vehicle. According to Conley, since the advertisement contained no limitations on the offer, he construed the language to mean that he was entitled to use all of his coupons for the entire purchase price of the car. Acura refused to accept more than one coupon, informing Conley that the ad was intended to be limited to one coupon per customer per purchase.

On March 22, 1996, Conley filed a complaint in the Franklin County Court of Common Pleas, naming Acura as the lone defendant. Conley's complaint asserted two claims: first, he claimed that Acura breached a unilateral contract; second, he alleged a violation of Ohio's Consumer Sales Practices Act, which is set forth below.

In a decision journalized July 17, 1996, the trial court sustained Acura's motion for dismissal of the breach of contract claim.

There is no dispute that the ad in question contained no express limitation such as "one coupon per customer per purchase." Ultimately, both parties filed motions for summary judgment. Pursuant to an entry journalized March 25, 1997, the trial court ultimately overruled Conley's motion for summary judgment and granted Acura's motion.

Conley ("appellant") has timely appealed, assigning two errors for our consideration:

"Assignment of Error I

"The trial court erred at pages 23 and 46 of the record when it granted appellee's motion for summary judgment on counts one and then two of the Complaint.

"Assignment of Error II

"The trial court erred at page 46 of the record when it denied appellant's motion for summary judgment on Count II of the complaint."

 As part of his first assignment of error, appellant contends that the trial court erred "at pages 23 and 46 of the record." The record at page 23 is the trial court's decision granting Acura's Civ.R. 12(B)(6) motion for dismissal of the breach of contract claim, finding that no unilateral contract existed. Although appellant improperly phrases his argument in terms of "summary judgment" as to the breach of contract claim, we nevertheless address the propriety of the trial court's dismissal of the claim.

In *Alligood v. Procter & Gamble Co.* (1991), 72 Ohio App.3d 309, 311–312, 594 N.E.2d 668, 668–669, the Hamilton County Court of Appeals addressed a factually similar issue in the context of a claimed unilateral contract:

"It is basic contract law that to have an enforceable contract, *there must be a meeting of the minds* of the parties to the contract. *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 2 OBR 632, 442 N.E.2d 1302. *A valid contract must also be specific as to its essential terms,* such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term. * * * If it can be determined that the parties intend to be bound, a court may fashion less essential terms that were omitted, in order to reach a fair and just result. *Litsinger Sign Co. v. American Sign Co.* (1967), 11 Ohio St.2d 1, 40 O.O.2d 30, 227 N.E.2d 609.

"However, the Ohio Supreme Court has stated that:

" 'It is settled law that if the parties' manifestations taken together as making up the contract, *when reasonably interpreted in the light of all the circumstances,* do not enable the court to determine what the agreement is and to enforce it without, in effect, "making a contract for the parties," no enforceable

obligation results.' *Id.* at 14, 40 O.O.2d at 37, 227 N.E.2d at 619." (Emphasis added.)

Applying the foregoing, we find that the trial court did not err in granting Acura's Civ.R. 12(B)(6) motion for failure to state a claim upon which relief could be granted. The language contained in Acura's ad failed to satisfy all the requirements necessary to create a valid contract. Accordingly, that portion of the first assignment of error pertaining to the Civ.R. 12(B)(6) dismissal is overruled.

Since the remaining substance of appellant's assignments of error are interrelated, we address them together. We preface our discussion and analysis of the contended errors with the standards by which we are bound in reviewing summary judgment issues.

Summary judgment is governed by Civ.R. 56(C), which provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence * * * construed most strongly in his favor."

Thus, pursuant to Civ.R. 56(C), summary judgment is appropriate only when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and, construing all evidence in favor of the nonmoving party, reasonable minds could reach only a conclusion in favor of the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. A summary judgment motion "forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus,[1] citing *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. Further, in opposing a motion for summary judgment, the nonmoving party must *affirmatively demonstrate facts* that would entitle that party to the relief sought.

---

1. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 274–275, a narrow majority of the Supreme Court of Ohio found paragraph three of the *Wing* syllabus to be "too broad" and expressly "limited" that paragraph. The limitation relates to the burden placed upon a *moving* party and is not directly at issue here.

*Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 479–480.

 Based upon the foregoing standards, we find that the trial court did not err in determining that Lindsay Acura was entitled to summary judgment as a matter of law.

Ohio Adm.Code Chapter 109:4–3 addresses deceptive acts or practices in connection with consumer transactions. The purpose of the Consumer Sales Practices Act ("the Act"), codified at R.C. Chapter 1345, is set forth at Ohio Adm.Code 109:4–3–01 as follows:

"(A) Purposes, rules of construction

"(1) * * * [T]hese rules shall be *liberally construed* and applied to promote their purposes and policies.

"(2) The purposes and policies of these rules are to:

"(a) Define with reasonable specificity acts and practices which violate [the Act] * * *;

"(b) Protect consumers from suppliers who * * * commit *deceptive acts* or practices, *or commit unconscionable acts or practices;*

"(c) Encourage the development of *fair* consumer sales practices." (Emphasis added.)

Appellant relies upon Ohio Adm.Code 109:4–3–02(A)(1), which specifically addresses exclusions and limitations in advertisements. That section reads as follows:

"(A)(1) *It is a deceptive act* or practice in connection with a consumer transaction *for a supplier,* in the sale or offering for sale of goods or services, *to make any offer in written or printed advertising* or promotional literature *without stating clearly* and conspicuously in close proximity to the words stating the offer *any material exclusions, reservations, limitations, modifications, or conditions.* Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific *so as to leave no reasonable probability that the terms of the offer might be misunderstood."* (Emphasis added.)

With specific regard to the advertisement and sale of motor vehicles, Ohio Adm.Code 109:4–3–16 provides:

"(B) It shall be a deceptive and unfair act or practice for a dealer * * * in connection with the advertisement or sale of a motor vehicle, to:

" * * *

"(3) Use any statement * * * in any advertisement * * * which could create in the mind of a *reasonable* consumer a false impression as to any material aspect of said advertised or offered vehicle * * *." (Emphasis added.)

Appellant essentially urges this court to adopt a strict liability standard when "violations" such as the one that allegedly occurred here (the omission of express limitations). Given the above language of the Ohio Administrative Code, we decline to hold that reasonableness plays no part whatsoever in the determination as to whether an act amounts to deceptive, unconscionable, or unfair conduct.

Furthermore, we interpret the language in the advertisement to be self-limiting by its terms. Again, we quote the subject language: "Bring This Ad In And SAVE $200.00 *OFF Selling Price!*" Since there is only one agreed upon "selling price" for a particular vehicle, appellant's interpretation of the ad to require successive reductions off the selling price is not a reasonable interpretation.

Construing all the evidence in favor of appellant, reasonable minds could reach only a conclusion in favor of Acura, and, thus, we hold that the trial court did not err. Accordingly, the assignments of error are overruled.

Having overruled the assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.