SHUMAKER, Appellant and Cross–Appellee,

v.

HAMILTON CHEVROLET, INC., Appellee and Cross–Appellant.

[Cite as *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App.3d 326, 2009-Ohio-5263.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 08CA28.

Decided Sept. 28, 2009.

328

Ronald L. Burdge and John B. P. Wakefield, for appellant and cross-appellee.

Stark & Knoll Co., L.P.A., Harry A. Tipping, and Christopher A. Tipping; and Law Offices of Stanley C. Bender and Stanley C. Bender, for appellee and cross-appellant.

---

HARSHA, Judge.

{¶ 1} Charles Shumaker filed suit against Hamilton Chevrolet, Inc. ("Hamilton") after he learned that the used 2002 Chevrolet Blazer that Hamilton sold him had sustained significant damage in a prior accident. Following a bench trial, the trial court found that Hamilton violated the Ohio Consumer Sales Practices Act ("CSPA"), ordered a rescission of the sales contract, and awarded Shumaker attorney fees. Shumaker appeals the trial court's decision to award him attorney fees in the amount of $14,250. Hamilton cross-appeals, challenging the trial court's findings that Hamilton violated the CSPA and that Shumaker was entitled to a rescission of the sales contract and attorney fees in any amount.

{¶ 2} Initially, Shumaker contends that Hamilton has already rescinded the sales contract, rendering its cross-appeal moot. Generally, satisfaction of a judgment renders an appeal from that judgment moot. However, Hamilton contends that the judgment has not been "satisfied" because it has not paid Shumaker's court-awarded attorney fees. Because the rescission and the attorney-fee award are distinct, severable remedies, and because Hamilton rescinded the sales contract instead of seeking a stay of the trial court's decision, we find Hamilton's cross-appeal moot to the extent that it seeks a reversal of the court's rescission order. However, to the extent that Hamilton's cross-appeal challenges Shumaker's entitlement to attorney fees in any amount, it is not moot. Because each of Hamilton's cross-assignments of error, if meritorious, could affect Shumaker's entitlement to those fees, we proceed to address them.

{¶ 3} In its first cross-assignment of error, Hamilton argues that its technical violation of Section 455.2(c), Title 16, C.F.R., of the FTC Used Motor Vehicle Trade Regulation Rule ("FTC rule"), i.e., failure to place its name and address on the back of the vehicle buyer's guide, did not constitute an unfair act in violation of the CSPA. Because a reasonable consumer would not be misled about any material fact in this transaction based upon the mere omission of Hamilton's name and address from the back of this guide, we agree. Therefore, we sustain Hamilton's first cross-assignment of error.

{¶ 4} In Hamilton's second cross-assignment of error, it contends that it did not violate the CSPA by failing to comply with Ohio Adm.Code 109:4–3–16(B)(22), which requires motor vehicle dealers to integrate all material statements into the

written sales contract. We agree. Apart from the parol evidence issues the trial court's findings on this matter raise, no evidence adduced at trial indicates that Hamilton made two of the supposed material statements the trial court implicitly attributed to it. In addition, the trial court erroneously found that Hamilton's oral disclosure of paint damage to the exterior of the vehicle constituted a material statement within the meaning of the regulation. A dealer's mere disclosure of damage to a vehicle, without more, would not induce a reasonable consumer to purchase the vehicle. Therefore, we sustain Hamilton's second cross-assignment of error and reverse the trial court's judgment to the extent that it awarded Shumaker attorney fees. And because that decision renders moot the parties' contentions regarding Shumaker's entitlement to attorney fees and the amount of those fees, we need not address them.

## I. Facts

{¶ 5} In July 2006, Shumaker filed a complaint alleging that after he purchased a used 2002 Chevrolet Blazer with a General Motors warranty from Hamilton, he learned that the vehicle had prior damage so severe that he believed it had been reconstructed. Shumaker alleged that Hamilton (1) violated the CSPA, (2) failed to comply with the FTC rule and thereby violated the CSPA, (3) failed to comply with Ohio Adm.Code 109:4–3–16 and thereby violated the CSPA, and (4) committed fraud. Shumaker sought damages or rescission for the CSPA violations, actual and punitive damages for the fraud claim, attorney fees, litigation expenses, and costs. The trial court bifurcated Shumaker's request for attorney fees and costs from the main case.

{¶ 6} The court granted Shumaker partial summary judgment on his second claim, specifically finding that Hamilton "failed to provide their [sic] name and address on the [back of the] Buyer's Guide as required in 16CFR455.2(c) [sic]" of the FTC rule. Immediately before the jury trial commenced, Shumaker withdrew his fourth claim for fraud, and the parties agreed to proceed with a bench trial. For the CSPA claims, Shumaker elected to seek rescission of the sales contract in lieu of damages.

{¶ 7} At the bench trial, Shumaker offered testimony that prior to the sale, Hamilton did not tell him that the vehicle had previously sustained over $5,000 in damage from an accident in New York, including damage to the fenders, headlights, parking lights, hood, grill, and left side of the vehicle frame. Shumaker also offered testimony that parts from Taiwan had been used to repair the vehicle and were not covered under the rust-proof provision in his warranty. Hamilton denied that it knew of these accident damages or the use of Taiwanese parts on the vehicle.

{¶ 8} Shumaker also offered testimony that the clear coat paint on the right rear quarter panel of the vehicle was peeling. Shumaker and his wife could not recall whether Gail Scarberry, a Hamilton salesperson, had told them about this problem. Scarberry testified that she told Shumaker about the peeling and recalled him saying, "I have a buddy who can take care of that." On cross-examination, Scarberry acknowledged that the disclosure of the paint problem was important to the deal but was not in the sales contract. Edmond Marshall, Hamilton's general manager, testified that the disclosure should have been written in the sales contract but was not.

{¶ 9} Regarding the FTC rule violation, Shumaker testified that he did not read the buyer's guide prior to purchasing the vehicle or know it had a back side. He acknowledged that Hamilton's name appears on the front of the buyer's guide and that he knew Hamilton's name and address without the guide.

{¶ 10} The trial court found that in addition to failing to provide its name and address on the back of the buyer's guide as required by the FTC rule, Hamilton failed to comply with Ohio Adm.Code 109:4–3–16(B)(22), in violation of the CSPA, because it failed to include in the written contract "any written description of paint damages to a portion of the exterior of [the] car; wreck damage repair exceeding $5,000.00[;] or the use of repair auto parts made in the country of Taiwan, which would violate portions of the warranty remaining on the said automobile." The court ordered rescission of the sales contract. Following a separate hearing, the trial court awarded Shumaker $14,250 in attorney fees. Shumaker filed an appeal, and Hamilton filed a cross-appeal of the court's judgment.

## II. Assignments and Cross–Assignments of Error

{¶ 11} Shumaker assigns the following error for our review:

Assignment of Error

The trial court abused its discretion in deciding appellant's attorney fee motion.

{¶ 12} In its cross-appeal, Hamilton assigns the following errors for our review:

Cross–Appellant's Assignment of Error No. 1

The trial court erred to the prejudice of appellant Hamilton Chevrolet when it determined that appellant Hamilton Chevrolet violated the FTC window sticker rule and CSPA.

Cross–Appellant's Assignment of Error No. 2

The trial court erred to the prejudice of appellant Hamilton Chevrolet when it determined that Hamilton Chevrolet violated the motor vehicle sales rule and CSPA.

Cross–Appellant's Assignment of Error No. 3

The trial court erred to the prejudice of appellant Hamilton Chevrolet when it determined Hamilton had "knowingly" committed an act or practice that violated the CSPA, therefore entitling appellee Shumaker to an award of attorney fees.

Cross–Appellant's Assignment of Error No. 4

The trial court erred to the prejudice of appellant Hamilton Chevrolet when it denied Hamilton Chevrolet's bona fide error defense.

We will address Hamilton's cross-appeal first.

### III. Mootness

{¶ 13} Shumaker contends that Hamilton's cross-appeal is moot because it rescinded the sales contract. "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249. Initially, Hamilton argues that Shumaker failed to submit evidence indicating that it intended to abandon its appeal rights by rescinding the sales contract, as required by our holding in *Fed. Land Bank of Louisville v. Wilcox* (1991), 74 Ohio App.3d 474, 599 N.E.2d 348. But, we abrogated that decision in *Atlantic Veneer Corp. v. Robbins*, Pike App. No. 03CA719, 2004-Ohio-3710, 2004 WL 1563389.

{¶ 14} Because Hamilton has not paid Shumaker's court-awarded attorney fees, we asked the parties to file supplemental briefs on the issue of whether a partial satisfaction of a judgment renders an appeal moot with respect to the portion of the judgment that has been satisfied or whether a judgment must be fully satisfied before an appeal is rendered moot. Shumaker argued that the court's November 9, 2007 judgment entry ordering rescission and the court's August 15, 2008 judgment entry awarding attorney fees were separate judgments, with the November 9, 2007 judgment being "fully" satisfied. Hamilton viewed these separate entries as one judgment, and argued that the judgment has not been "satisfied" because it has not paid Shumaker's court-awarded attorney fees, thus its entire cross-appeal is still viable.

{¶ 15} We disagree with Shumaker's characterization of the two judgment entries as entirely separate judgments. The court's November 9, 2007 entry was interlocutory and could not be appealed. See generally *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 21. When the court entered its final judgment, i.e., the August 15, 2008 judgment entry, all interlocutory rulings merged into it. Id. However, we do view the court-ordered rescission and attorney-fee award as distinct and severable remedies and find that Hamilton's cross-appeal is moot to the extent that Hamilton seeks a reversal of the trial court's rescission order. See generally

*Darwish v. Harmon* (1992), 91 Ohio App.3d 630, 633, 633 N.E.2d 546. Hamilton could have preserved its appeal rights on this issue by seeking a stay of execution pending appeal. *Slovak v. Univ. Off–Campus Hous.* (May 19, 2000), Athens App. 99CA50, 2000 WL 680479, at *1, citing *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 790–791, 664 N.E.2d 1373.

{¶ 16} Because Hamilton did not satisfy the portion of the trial court's judgment awarding Shumaker attorney fees, his cross-appeal is not moot to the extent that it challenges the trial court's decision to award those fees. To award attorney fees to a consumer under the CSPA, the trial court must find that the supplier knowingly committed an act or practice that violated the CSPA and that no defenses the supplier asserts apply. See R.C. 1345.09(F)(2). In his assignments of error, Hamilton challenges the trial court's findings that (1) Hamilton violated the CSPA, (2) Hamilton knowingly committed the acts or practices that violated the CSPA, and (3) the bona fide error defense in R.C. 1345.11(A) did not apply. Because all of Hamilton's assignments of error touch on the propriety of the trial court's decision to award attorney fees, we proceed to address them.

## IV. FTC Rule and the CSPA

{¶ 17} The CSPA is a remedial law designed to compensate for inadequate traditional consumer remedies and must be liberally construed pursuant to R.C. 1.11. See *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. It was "modeled after the Uniform Consumer Sales Practices Act, which provides policies for protecting consumers from suppliers who engage in deceptive and unconscionable sales practices, and also encourages the development of fair consumer sales practices." *Burdge v. Kerasotes Showplace Theatres, L.L.C.*, Butler App. No. CA2006–02–023, 2006-Ohio-4560, 2006 WL 2535762, at ¶ 39, citing *Crye v. Smolak* (1996), 110 Ohio App.3d 504, 512, 674 N.E.2d 779, and Ohio Adm.Code 109:4–3–01(A). Generally, the CSPA gives consumers standing to enforce its provisions even when they have not suffered actual injury from a violation. See R.C. 1345.09; *Burdge* at ¶ 55.

{¶ 18} The CSPA prohibits suppliers from committing an "unfair or deceptive act or practice" in connection with a consumer transaction, but it does not define those terms. See R.C. 1345.02(A). However, R.C. 1345.02(B) contains a nonexhaustive list of "deceptive" practices. Shumaker reminds us that in R.C. 1345.02(C), the legislature indicated that Ohio courts "shall give due consideration and great weight" to federal trade regulation rules, such as the FTC rule, in construing R.C. 1345.02(A). However, we are not bound to find that a technical violation of FTC rules constitutes an unfair or deceptive practice under the CSPA, particularly when such an interpretation would create unreasonable results. Likewise, nothing in the statutory mandate to liberally construe the

CSPA requires us to adopt an unreasonable construction of the statute. In fact, we are directed to avoid such results. See *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543, 668 N.E.2d 903, citing R.C. 1.47(C), and *State ex rel. Brown v. Milton–Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 27, 531 N.E.2d 1297 (overruled on other grounds). Thus, we proceed with a de novo review of this issue, while keeping in mind our duty to consider federal precedent for its persuasive value.

{¶ 19} " 'When determining whether an act or practice is deceptive, courts look at the incident from the consumer's standpoint.' " *McPhillips v. United States Tennis Assn. Midwest,* Lake App. No. 2006–L–187, 2007-Ohio-3594, 2007 WL 2027855, ¶ 27, quoting *Chesnut v. Progressive Cas. Ins. Co.,* 166 Ohio App.3d 299, 2006-Ohio-2080, 850 N.E.2d 751, ¶ 23; see also *Walker v. Dominion Homes, Inc.,* 164 Ohio App.3d 385, 2005-Ohio-6055, 842 N.E.2d 570, ¶ 25. " ' "The basic test is one of fairness; the act need not rise to the level of fraud, negligence, or breach of contract." ' " *McPhillips* at ¶ 27, quoting *Chesnut* at ¶ 23, quoting *Mannix v. DCB Serv., Inc.,* Montgomery App. No. 19910, 2004-Ohio-6672, 2004 WL 2848921, ¶ 18. " '[A] deceptive act "has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts." ' " Id., quoting *Chesnut* at ¶ 23, quoting *McCullough v. Spitzer Motor Ctr., Inc.* (Jan. 27, 1994), Cuyahoga App. No. 64465, 1994 WL 24281; see also *Walker* at ¶ 25. " '[C]ourts shall apply a reasonableness standard in determining whether an act amounts to deceptive, unconscionable, or unfair conduct.' " *McPhillips* at ¶ 27, quoting *Struna v. Convenient Food Mart,* 160 Ohio App.3d 655, 2005-Ohio-1861, 828 N.E.2d 647, ¶ 15, citing *Conley v. Lindsay Acura* (1997), 123 Ohio App.3d 570, 575, 704 N.E.2d 1246.

{¶ 20} Here, the Hamilton dealership failed to put its name on the back of the buyer's guide and also failed to put its address anywhere on that form—a violation of the FTC rule. In its first cross-assignment of error, Hamilton essentially contends that (1) its failure to strictly comply with the FTC rule did not constitute an unfair act in violation of the CSPA and (2) even if it violated the CSPA, Shumaker lacks standing to make this argument because he did not suffer damages.

{¶ 21} Initially, we reject Shumaker's contention that the CSPA automatically incorporates FTC rules into Ohio's definition of "unfair or deceptive acts" so that an unfair act under the FTC is also automatically an unfair act under the CSPA. We are to give federal rules great deference and weight, and if this case involved the failure to post the buyer's guide, we would have no difficulty in finding that act to be deceptive or unfair under Ohio law. However, the dispositive issue in this case is not whether Hamilton violated the FTC's Used

Motor Vehicle Trade Regulation Rule. Clearly, it did. Rather, we must decide whether Hamilton's failure to put its name and address on the back of the buyer's guide results in an unfair or deceptive act under Ohio's CSPA. In performing that task, we may look to the federal law for guidance but need not slavishly incorporate every federal violation into Ohio's statutory scheme for protecting consumers. Nor are we constrained by the fact that the other Ohio appellate courts may have adopted the incorporation approach in this context. Rather, we look to see whether the act complained of is "marked by injustice, partiality, or deception, or it results in inequitable business dealings." *Walker*, 164 Ohio App.3d 385, 2005-Ohio-6055, 842 N.E.2d 570, ¶ 25.

{¶ 22} Applying a reasonableness standard to the facts of this case, we conclude that Hamilton's failure to place its name and address on the back of the buyer's guide did not constitute a violation of the CSPA. A dealership's mere omission of its name and address from the back of the buyer's guide, without more, has no "likelihood of inducing a state of mind in the consumer that is not in accord with the facts." In this instance, Hamilton's name appears on the front of the buyer's guide. Furthermore, at trial, Shumaker admitted he was not in fact deceived by the omission. He testified that he did not read the buyer's guide prior to purchasing the vehicle, that he did not know it had a back side, and that he knew Hamilton's name and address even without looking at the buyer's guide. A reasonable consumer in Shumaker's position would not be misled about any material fact in this transaction based upon the mere omission of Hamilton's name and address from the back of the guide. Therefore, we find that Hamilton's technical violation of the FTC rule does not rise to the level of an unfair or deceptive act in violation of the CSPA. And because the attorney general has not adopted a substantive rule to that effect, we conclude that the trial court erroneously found a violation based on these facts. We sustain Hamilton's first cross-assignment of error.

{¶ 23} Because this decision renders moot Hamilton's contention that Shumaker lacked standing to sue it for a violation of the CSPA based on its violation of the FTC rule, we need not address it.

### V. Ohio Adm.Code 109:4–3–16(B)(22)

{¶ 24} In its second cross-assignment of error, Hamilton contends that the trial court erred in finding that it violated the CSPA by its noncompliance with Ohio Adm.Code 109:4–3–16(B)(22), which provides:

It shall be a deceptive and unfair act or practice for a dealer, manufacturer, advertising association, or advertising group, in connection with the advertisement or sale of a motor vehicle, to: * * * Fail to integrate into any written sales contract, all material statements, representations or promises, oral or

written, made prior to obtaining the consumer's signature on the written contract with the dealer.

{¶ 25} The Supreme Court of Ohio recently found that "[t]o the extent that Ohio Adm.Code 109:4–3–16(B)(22) conflicts with the parol evidence rule as codified by R.C. 1302.05 and allows parol evidence contradicting the final written contract, Ohio Adm.Code 109:4–3–16(B)(22) constitutes an unconstitutional usurpation of the General Assembly's legislative function and is therefore invalid." *Williams v. Spitzer Autoworld Canton, L.L.C.,* 122 Ohio St.3d 546, 2009-Ohio-3554, 913 N.E.2d 410, at paragraph one of the syllabus. Because the parol evidence rule applies to actions brought under the CSPA, "absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties' final written contract to prove a violation of that act." Id. at paragraph two of the syllabus. With this decision in mind, we turn to the facts of this case.

{¶ 26} The trial court found that Hamilton failed to comply with Ohio Adm. Code 109:4–3–16(B)(22) because it failed to integrate into the written contract a description of "wreck damage repair exceeding $5,000.00" and "the use of repair auto parts made in the country of Taiwan, which would violate portions of the warranty remaining on the said automobile." In order to make these findings, the court implicitly found that Hamilton made oral statements about these matters to Shumaker before executing the sale. Regardless of whether the trial court could properly consider this type of extrinsic evidence under *Williams,* the court's implicit finding that Hamilton made these statements is against the manifest weight of the evidence.

{¶ 27} "We will not reverse a trial court's judgment as being against the manifest weight of the evidence as long as some competent, credible evidence supports it." *Amsbary v. Brumfield,* 177 Ohio App.3d 121, 2008-Ohio-3183, 894 N.E.2d 71, ¶ 11, citing *Sec. Pacific Natl. Bank v. Roulette* (1986), 24 Ohio St.3d 17, 20, 24 OBR 14, 492 N.E.2d 438; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578. Under this highly deferential standard of review, we do not decide whether we would have come to the same conclusion as the trial court. *Amsbary* at ¶ 11. Instead, we must uphold the judgment so long as the record contains "some evidence from which the trier of fact could have reached its ultimate factual conclusions." Id., quoting *Bugg v. Fancher,* Highland App. No. 06CA12, 2007-Ohio-2019, 2007 WL 1225734, at ¶ 9.

{¶ 28} At trial, Shumaker argued that Hamilton never told him about the wreck-damage repair exceeding $5,000 or the use of Taiwanese repair auto parts on the vehicle. Hamilton claimed that it did not have this information at the time

**338**

of the sale. No evidence adduced at trial indicates that Hamilton gave Shumaker this information before the sale. Because no competent, credible evidence supports the trial court's findings that Hamilton made statements to Shumaker that the vehicle sustained this damage or contained Taiwanese parts, Hamilton cannot be liable under Ohio Adm.Code 109:4–3–16(B)(22) for failure to integrate those statements into the written contract.

{¶ 29} The trial court also found that Hamilton failed to comply with Ohio Adm.Code 109:4–3–16(B)(22) because it did not integrate into the written contract a description of "paint damages to a portion of the exterior of [the] car." At trial, Scarberry testified that she orally told Shumaker about this damage prior to the sale and that the written contract did not contain this disclosure. Regardless of whether the trial court could properly consider this evidence under *Williams,* the trial court erroneously found that Scarberry's statement was "material" under Ohio Adm.Code 109:4–3–16(B)(22).

{¶ 30} We acknowledge that on cross-examination, Scarberry agreed that the disclosure of the paint damage was important to the sale, and Marshall testified that the written contract should have contained the disclosure. However, we judge materiality from the perspective of the consumer. See *Frey v. Vin Devers, Inc.* (1992), 80 Ohio App.3d 1, 6, 608 N.E.2d 796 ("It is how the consumer views the act or statement which determines whether it is unfair or deceptive"). See also *Chesnut,* 166 Ohio App.3d 299, 2006-Ohio-2080, 850 N.E.2d 751. A statement, representation, or promise under Ohio Adm.Code 109:4–3–16(B)(22) is material if it would induce a reasonable consumer to enter into the written sales contract. See *Gonzalez v. Spofford,* Cuyahoga App. No. 85231, 2005-Ohio-3415, 2005 WL 1541016, ¶ 26 (finding that a supplier violated the CSPA by failing to integrate into the written sales contract a promise made for the specific purpose of inducing the consumers to purchase a vehicle).[1] A supplier's mere disclosure of damage to a vehicle, without more, such as a promise to repair the damage, would not induce a reasonable consumer to purchase the vehicle. If anything, a disclosure of damage, without a promise to repair it or to provide a corresponding discount, would discourage a reasonable consumer. There is no evidence here that Hamilton provided any incentives in connection with its disclosure of the paint damage. Therefore, the trial court erred in finding that Hamilton violated the CSPA because it failed to comply with Ohio Adm.Code 109:4–3–16(B)(22) by omitting a description of exterior paint damage from the written contract. Accordingly, we sustain Hamilton's second cross-assignment of error.

---

1. The *Gonzalez* court cites Ohio Adm.Code 109:4–3–16(B)(16) in this portion of its opinion but actually relies on Ohio Adm.Code 109:4–3–16(B)(22).

{¶ 31} Our disposition of Hamilton's first and second cross-assignments of error renders Shumaker's assignment of error and Hamilton's third and fourth cross-assignments of error moot.

## VI. Conclusion

{¶ 32} Because Hamilton has already rescinded the sales contract, its cross-appeal is moot to the extent that it challenges the rescission order. However, we sustain Hamilton's first and second cross-assignments of error to the extent that they challenge the court's award of attorney fees to Shumaker.[2] This decision renders Hamilton's third and fourth cross-assignments of error and Shumaker's sole assignment of error moot. Accordingly, we reverse the trial court's decision to the extent that it awarded Shumaker attorney fees based on its erroneous finding that Hamilton committed multiple CSPA violations.

Judgment affirmed in part
and reversed in part,
and cause remanded.

KLINE, P.J., and ABELE, J., concur.

---

2. Shumaker also contends that we must affirm the trial court's judgment in light of its finding that Hamilton's conduct was "unfair in light of the established concepts of fairness because the defendant is a merchant and supplier who is in a superior position, and required to act in good faith." We reject that contention because it is premised upon the trial court's use of an improper legal standard to determine whether Hamilton violated the CSPA. See our discussion of the appropriate legal analysis in Section IV.