[Cite as *Barlow v. Gap, Inc.*, 2020-Ohio-4382.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MEGHAN LEWIS BARLOW,                    :

    Plaintiff-Appellant,          :

                                 No. 109101

    v.                            :

THE GAP, INC.,                          :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 10, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-912111

---

*Appearances:*

Jeremy Gilman, Attorney, L.L.C., and Jeremy Gilman; Harvey Abens Iosue Co., L.P.A., Matthew B. Abens, and David L. Harvey, III, *for appellant.*

Tucker Ellis L.L.P., Tariq M. Naeem, Chelsea R. Mikula, and Chelsea M. Croy Smith; Morgan, Lewis & Bockius L.L.P., and Wendy West Feinstein, *for appellee.*

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant, Meghan Lewis Barlow, appeals the trial court's judgment granting defendant-appellee, The Gap, Inc.'s ("The Gap"), motion for summary judgment. Barlow raises one assignment of error for our review:

The trial court erred by granting [The Gap's] Motion to Dismiss the Complaint as a Matter of Law, Converted to a Motion for Summary Judgment.

{¶ 2} Finding no merit to her assignment of error, we affirm the trial court's judgment.

## I.   Factual Background and Procedural History

{¶ 3} In March 2019, Barlow filed a complaint against The Gap, alleging that it violated Ohio's Consumer Sales Practices Act, R.C. Chapter 1345 ("CSPA"). Barlow sought a declaratory judgment that The Gap violated the CSPA, and she requested injunctive relief to stop The Gap from continuing to violate the CSPA. She also sought attorney fees incurred in bringing the lawsuit.

{¶ 4} Barlow alleged that The Gap owns and operates retail stores in Cuyahoga County, Ohio, where it sells apparel and goods to consumers. Barlow alleged that in 2017 and 2018, she "purchased goods primarily for personal, family, or household use from a store owned and operated by The Gap located in Cuyahoga County, Ohio." She claimed that The Gap displayed signs near its store entrances and windows that advertised promotions to encourage the public to enter its stores and buy its goods. She attached images of three such signs to her complaint. The signs contained the following text:

> Sale, take an extra 40% off Markdowns[.] Gap[.] Certain restrictions apply. See a store associate for details. Discount taken at register.

> 40% off your purchase[.] Excludes markdowns. Certain restrictions apply. See store associate for details.

> Buy one, get one 50% off entire store[.] Gap[.] Certain restrictions apply. See a store associate for details.

On each sign, the text announcing the promotion was in large print, while the text indicating the exclusions and restrictions was in smaller print near the bottom of the signs.

{¶ 5} Barlow alleged that the signs were deceptive acts or practices in connection with consumer transactions in violation of R.C. 1345.02(A). She alleged that the signs do not clearly and conspicuously state, near the words announcing The Gap's promotions, any material exclusions, reservations, limitations, modifications, or conditions to those promotions.

{¶ 6} In May 2019, The Gap filed a motion to dismiss Barlow's complaint for failing to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). The Gap argued that Barlow failed to allege a deceptive act. The Gap maintained that the signs were not offers within the meaning of the CSPA, not false, and not material to a purchasing decision because the signs did not identify specific products or prices. The Gap supported its motion to dismiss with a declaration of Matthew Waterbury, senior manager of marketing at The Gap. Waterbury declared the dimensions of the signs included in Barlow's complaint and the dates those signs were displayed. The declaration attached copies of the signs as exhibits and stated that the images were true and correct copies of the images from the complaint.

{¶ 7} Barlow filed a motion to convert The Gap's motion to dismiss to a motion for summary judgment, arguing that The Gap's motion to dismiss referred

to matters outside of the complaint, including an unknown "reasonable customer" and Waterbury's declaration. The trial court denied the motion.

{¶ 8} Barlow then filed an opposition to The Gap's motion to dismiss, arguing that her complaint set forth allegations as to each element to demonstrate that The Gap's signs are deceptive under Ohio Adm.Code 109:4-3-02(A)(1). The Gap filed a reply in support of its motion to dismiss. Barlow moved to strike The Gap's reply as filed without leave of court in violation of Loc.R. 11.0(D) of the Court of Common Pleas of Cuyahoga County, General Division. The Gap moved for leave to file its reply. The trial court granted The Gap's motion for leave and denied Barlow's motion to strike the reply brief.

{¶ 9} In June 2019, during a case management conference, the trial court converted The Gap's motion to dismiss to a motion for summary judgment (hereinafter referred to as "The Gap's motion for summary judgment"). The trial court permitted the parties to engage in further discovery limited to the topics in The Gap's motion for summary judgment and to supplement their motions. The Gap did not supplement its motion.

{¶ 10} In September 2019, Barlow filed a new opposition to The Gap's motion for summary judgment, arguing that The Gap failed to support its motion with any evidence. Barlow simultaneously moved to strike Waterbury's declaration because it was not an affidavit. The Gap filed a reply in support of its motion for summary judgment, arguing that the only relevant facts to its motion were the undisputed language of its signs. In support of its reply, The Gap filed an affidavit

of Matthew Waterbury, which was substantively identical to his declaration.  Barlow moved to strike the Waterbury affidavit as untimely, which The Gap opposed.

{¶ 11}  On October 7, 2019, the trial court allowed The Gap to replace the Waterbury declaration with the Waterbury affidavit and granted The Gap's motion for summary judgment.  It is from this judgment that Barlow now appeals.

## II.  Law and Analysis

{¶ 12}  In her single assignment of error, Barlow argues that the trial court erred by granting The Gap's motion for summary judgment.  She contends that the trial court's judgment should be reversed because (1) The Gap failed to produce any evidence in support of its motion for summary judgment, (2) the CSPA is a strict-liability statute, and she does not need to show that the signs were false or material to customers' purchasing decisions, and (3) The Gap's signs are "offers" within the meaning of Ohio Adm.Code 109:4-3-01(C)(3) and violate the disclosure requirements of Ohio Adm.Code 109:4-3-02(A)(1).  The Gap argues that the pleadings and Waterbury's affidavit satisfied its burden on summary judgment and counters each of Barlow's arguments.

{¶ 13}  We review a trial court's judgment granting a motion for summary judgment de novo.  *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 28.  Thus, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).  We therefore review the trial court's order without giving any deference to the trial court.  *Citizens*

*Bank* at ¶ 28. "On appeal, just as the trial court must do, we must consider all facts and inferences drawn in a light most favorable to the nonmoving party." *Glemaud v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 106148, 2018-Ohio-4024, ¶ 50.

{¶ 14} Pursuant to Civ.R. 56(C), summary judgment is proper where (1) "there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Trial courts should award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 15} Under the CSPA, "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A). "Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter." R.C. 1345.09(D).

{¶ 16} The Ohio Attorney General adopted regulations, Ohio Adm.Code 109:4-3, to define what conduct violates the CSPA. The purposes and policies of these regulations are to (a) "[d]efine with reasonable specificity the acts and

practices" that violate the CSPA, (b) "[p]rotect consumers from suppliers who engage in referral selling, commit deceptive acts or practices, or commit unconscionable acts or practices," and (c) "[e]ncourage the development of fair consumer sales practices." Ohio Adm.Code 109:4-3-01(A)(2). The regulations "shall be liberally construed and applied to promote their purposes and policies." Ohio Adm.Code 109:4-3-01(A)(1).

{¶ 17} The regulation at issue in this appeal is Ohio Adm.Code 109:4-3-02(A)(1), which states:

> It is a deceptive act or practice in connection with a consumer transaction for a supplier, in the sale or offering for sale of goods or services, to make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or conditions. Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be misunderstood.

{¶ 18} "Supplier" means "a seller * * * or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." R.C. 1345.01(C). The parties do not dispute that The Gap is a supplier. "Consumer transaction" means "a sale * * * or other transfer of an item of goods * * * to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A). The parties do not dispute that The Gap displays its signs at issue here "in connection with a consumer transaction."

## A. The Gap's Support for Its Motion for Summary Judgment

{¶ 19} Barlow contends that The Gap failed to carry its evidentiary burden on summary judgment. We disagree.

{¶ 20} The moving party has the burden to show that no genuine issue of material fact exists. *Citizens Bank*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, at ¶ 30. Civ.R. 56(C) provides the list of materials that parties may use to support a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 21} Here, The Gap supported its motion for summary judgment with the pleadings and Waterbury's affidavit. Paragraphs 15 through 20 of the complaint include images and descriptions of The Gap's signs underlying this appeal. At no point has The Gap denied the allegations setting forth the images and language of the signs. Barlow challenged Waterbury's affidavit on procedural grounds, but Waterbury merely restates the complaint's allegations about the descriptions of the signs and attaches as exhibits clearer images of the signs included in the complaint. There is no genuine dispute about the language and text placement on the signs, and The Gap relied on no additional facts in support of its motion for summary judgment. We therefore reject Barlow's arguments that The Gap failed to meet its evidentiary burden.

## B. Falsity and Materiality

{¶ 22} The Gap argues that, regardless of whether The Gap's signs are "offers" and properly disclose restrictions, it is not liable under the CSPA because Barlow has not claimed that The Gap's signs are false and material to customers' purchasing decisions. The Gap contends that R.C. 1345.02 is not a strict-liability statute, but rather CSPA violations are considered through a lens of reasonableness. Barlow argues that R.C. 1345.02 is a strict-liability statute and maintains that falsity and materiality are "immaterial" because the text of Ohio Adm.Code 109:4-3-02(A)(1) does not require offers to be false or material to purchasing choices.

{¶ 23} Ohio courts have not interpreted the CSPA to be a strict-liability statute and instead have considered "reasonableness" when determining whether conduct violates the CSPA. *See Grgat v. Giant Eagle, Inc.*, 2019-Ohio-4582, 135 N.E.3d 846, ¶ 17 (8th Dist.) ("[T]here is nothing in the plain language of R.C. 1345.02(B) that indicates a purpose to impose strict liability. And courts have declined to interpret the statute in a manner that would impose strict liability."); *Struna v. Convenient Food Mart*, 160 Ohio App.3d 655, 2005-Ohio-1861, 828 N.E.2d 647, ¶ 15 (8th Dist.) ("[C]ourts shall apply a reasonableness standard in determining whether an act amounts to deceptive, unconscionable, or unfair conduct."); *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App.3d 326, 2009-Ohio-5263, 920 N.E.2d 1023, ¶ 19-22 (4th Dist.) (applying a reasonableness standard); *Conley v. Lindsay Acura*, 123 Ohio App.3d 570, 575, 704 N.E.2d 1246 (10th Dist.1997) ("[W]e decline to hold that reasonableness plays no part

whatsoever in the determination as to whether an act amounts to deceptive, unconscionable, or unfair conduct."). Barlow cites no cases to the contrary to support her position that R.C. 1345.02 is a strict-liability statute.

**{¶ 24}** Instead of imposing strict liability, Ohio courts "have held that whether a supplier's act or omission is a violation of the CSPA depends on how a reasonable consumer would view it." *Grgat* at ¶ 18. Conduct violates the CSPA if it "'has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.'" *Chesnut v. Progressive Cas. Ins. Co.*, 166 Ohio App.3d 299, 2006-Ohio-2080, 850 N.E.2d 751, ¶ 23 (8th Dist.), quoting *McCullough v. Spitzer Motor Ctr., Inc.*, 8th Dist. Cuyahoga No. 64465, 1994 Ohio App. LEXIS 262, 23 (Jan. 27, 1994).

**{¶ 25}** Moreover, this court has previously held that for conduct to be "deceptive under the CSPA," the conduct "must be both false and material to the consumer transaction." *Grgat* at ¶ 16. In *Grgat*, the plaintiff alleged that Giant Eagle violated the CSPA with signs that promoted a discounted price for a specific number of units for a particular product, such as ten cans for $10, without specifying that the price of a single can was also discounted. *Id.* at ¶ 3. The plaintiff argued that he did not need to prove that the signs were false or material to his purchasing decisions because R.C. 1345.02 is a strict-liability statute and nothing in the text required him to prove falsity or materiality. *Id.* at ¶ 11-16. This court disagreed. *Id.* at ¶ 16-18.

{¶ 26} We explained that "[a]lthough R.C. 1345.02 does not use the word 'falsity' or 'false,' each and every deceptive practice listed in the R.C. 1345.02 describes a misrepresentation of the truth, i.e., a falsity. * * * [F]alsity is the essence of deception." *Grgat,* 2019-Ohio-4582, 135 N.E.3d 846, at ¶ 15. Likewise, for the materiality requirement, we explained:

> Although the R.C. 1345.02 does not explicitly state that misrepresentations must be material to the transaction, it is well established that a deceptive act or practice under the CSPA is one that "'has the tendency or capacity to mislead consumers concerning a fact or circumstance *material* to a decision to purchase the product or service offered for sale.'" (Emphasis added.) *Richards v. Beechmont Volvo,* 127 Ohio App.3d 188, 711 N.E.2d 1088 (1st Dist.1998), quoting *Cranford v. Joseph Airport Toyota, Inc.,* 2d Dist. Montgomery No. 15408, 1996 Ohio App. LEXIS 2252 (May 17, 1996). *See also Davis v. Byers Volvo,* 4th Dist. Pike No. 11CA817, 2012-Ohio-882, ¶ 29.

*Id.* at ¶ 16.

{¶ 27} Therefore, regardless of whether The Gap's signs are considered "offers" under the CSPA and whether the signs failed to disclose restrictions pursuant to Ohio Adm.Code 109:4-3-02(A)(1), The Gap would not be liable under the CSPA unless Barlow proved that the signs were false, material to consumers' purchasing decisions, and likely to mislead a reasonable consumer. Barlow, however, has not alleged, argued, or presented evidence that The Gap's signs were false, material, or misleading. Barlow's arguments that The Gap's signs are offers and that the signs failed to disclose restrictions are therefore moot, and we need not address them.

**{¶ 28}** Even drawing all facts and inferences in favor of Barlow, we find that there is no genuine issue as to any material fact, The Gap is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion in favor of The Gap. We therefore overrule Barlow's assignment of error and affirm the judgment of the trial court.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR