[Cite as *Jones v. J. Duran, Inc.*, 2020-Ohio-4606.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Justin Jones                                    Court of Appeals No. L-19-1074

      Appellant                             Trial Court No. CI0201703180

v.

J. Duran, Inc., et al.                          **DECISION AND JUDGMENT**

      Appellee                              Decided:  September 25, 2020

* * * * *

Gregory S. Reichenbach, for appellant.

James R. Jeffery and James P. Silk, Jr., for appellee.

* * * * *

**OSOWIK, J.**

## Introduction

{¶ 1} Plaintiff-Appellant, Justin Jones, appeals the trial court's granting of defendant-appellee, J. Duran, Inc.'s also known as City Wide ("JDI") motion for summary judgment.  The trial court granted summary judgment and found that the representative of JDI did not make a "representation" under the Ohio Consumer Sales

Practices Act ("CSPA"), in regards to the claim to rescind the sale of a Chevrolet Cruze LT ("Chevy") automobile. For the reasons that follow, the court finds that genuine issues of material fact exists as to whether JDI had knowledge of the history of the Chevy and whether JDI made a misrepresentation regarding the history of the Chevy to Jones, which precludes the granting of summary judgment.

## Background

{¶ 2} Jones sued for rescission of his purchase of a 2013 Chevy from JDI which was financed by the First Bank of Ohio ("First Bank"). In Jones' complaint, filed on June 28, 2017, he alleged that JDI committed unfair and deceptive acts under the CSPA, R.C. 1345.01, et seq., and common law fraud.

{¶ 3} JDI is in the business of selling vehicles. JDI acquired the Chevy on December 11, 2015. Prior to this date, the Chevy was used as a rental car by Enterprise as a daily rental vehicle. In 2012 and 2014, the Chevy was involved in two separate automobile accidents. Jones purchased the Chevy in January 2016. In May 2017, Jones attempted to trade the Chevy in to another car dealer and learned of the prior history as a rental vehicle and of the 2014 automobile accident. On May 30, 2017, Jones demanded rescission of the sale, and JDI refused.

{¶ 4} As part of its business, JDI purchased and provided auto check reports from Experian Information Solutions, Inc., and advertised this service on its website. Pursuant to the service, in use since 2008, JDI had access to bulk auto check reports and permitted

2.

its consumers access to a free vehicle history report for any vehicle listed by clicking on the auto check emblem on the website.

{¶ 5} While negotiating with salesman Robert Schoelein, an agent of JDI, Jones asked Schoelein if he knew anything about the car's history. There is a dispute as to the exact words uttered by Schoelein in response to the question. Jones claims that Schoelein, who no longer worked for JDI at the time of these proceedings, responded he did not know "anything about the car's history." JDI claims Schoelein responded "that he did not know." JDI's general manager, who was deposed on behalf of JDI, testified that he also was not employed by JDI at the time of the sale of the Chevy and thus did not witness the discussion between Schoelein and Jones. JDI claims that it had no knowledge of the Chevy's history.

{¶ 6} In any event, the parties agree that Schoelein did not disclose the vehicle's prior accidents as well as the fact the Chevy was used as a prior rental car. Jones claims that JDI acted unfairly and deceptively by (1) telling Jones, after he asked about the car's history, that nothing was known about the history, even though a free vehicle history report was available on JDI's website; and (2) by failing to affirmatively disclose the prior rental use, pursuant to an administrative rule.

{¶ 7} Jones contends that had he known about the Chevy's history he would not have bought the car. JDI claims that no employee downloaded the report on the Chevy prior to the sale to Jones. Jones did not become aware of the vehicle history until he attempted to trade in the Chevy. Jones also introduced evidence that other prospective

3.

purchasers downloaded the car history report and then did not purchase the vehicle after downloading the reports.

{¶ 8} On January 9, 2019, Jones moved for summary judgment on his CSPA claim against JDI. On February 12, 2019, JDI filed its motion of summary judgment. The Lucas County Court of Common Pleas granted judgment on behalf of JDI and dismissed all of Jones' claims and found that the "I don't know response" to Jones' question was not a "representation" under the act. On April 4, 2019, Jones filed his notice of appeal.

{¶ 9} Jones appealed and assigns the following error for our review:

> The trial court erred by granting Defendant-Appellee, J. Duran, Inc.'s motion for summary judgment, and by denying Plaintiff-Appellant, Justin Jones' motion for summary judgment on his claims under the Consumer Sales Practices Act and Defendants' affirmative defenses.

**Law and Analysis**

{¶ 10} According to Civ.R. 56(C), summary judgment may only be granted when:

> (1) no genuine issue as to any material fact remains to be litigated;
>
> (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144 (1993).

4.

**{¶ 11}** Appellate review of a trial court's grant of summary judgment is de novo. *Fischer v. United Serv. Auto. Assn.*, 8th Dist. Cuyahoga No. 83173, 2004-Ohio-1682, ¶ 9. It is settled law that the inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 15, 467 N.E.2d 1378 (6th Dist.1983). The basic function of the trial court in a summary judgment proceeding is not to determine the issues of fact, but to determine whether or not triable issues of fact exist. *Bevier v. Pfefferle*, 6th Dist. Erie No. E-99-020, 1999 WL 961409, *8 (Oct. 22, 1999). "[W]here the evidence submitted in support of and in opposition to the motion for summary judgment involves conflicting testimony, by way of affidavit or otherwise, relating to a dispositive fact, summary judgment should not be employed to resolve those conflicts." *Id.* Summary judgment must be awarded with caution as it terminates litigation. *Goodell v. Motorists Mut. Ins. Co.*, 2017-Ohio-8425, 99 N.E.3d 1158, ¶ 4 (6th Dist.)

**The Ohio Consumer Sales Practices Act**

**{¶ 12}** R.C. 1345.02 governs claims stemming or arising from an unfair or deceptive consumer sales practices. R.C. 1345.02 provides in pertinent part:

> (A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

5.

(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:

(1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;

(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;

(3) That the subject of a consumer transaction is new, or unused, if it is not;

{¶ 13} "In addition to the statutes, two other authorities can determine what constitutes a violation of the CSPA:  (1) the rules adopted by the Ohio Attorney General and found in the Ohio Administrative Code and (2) the judiciary." *Frank v. WNB Group*, 2019-Ohio-1687, 135 N.E.3d 1142, ¶ 17 (1st Dist.), citing *Frey v. Vin Devers, Inc.*, 80 Ohio App.3d 1, 6, 608 N.E.2d 796 (6th Dist.1992).  Ohio Administrative Code 109:4-3-16, which deals with the advertisement and sales of motor vehicles provides:

(B) It shall be a deceptive and unfair act or practice for a dealer, manufacturer, advertising association, or advertising group, in connection with the advertisement or sale of a motor vehicle, to:

* * *

(15) Fail to disclose prior to the dealer's requiring signature by the consumer on any document for the purchase or lease of the vehicle, the fact

that said vehicle has been previously used as a demonstrator, factory

official vehicle *or rental vehicle*. *The above disclosure is required when*

*such is known by the dealer.* (Emphasis added).

In Jones' motion for summary judgment, Jones alleged that JDI violated this section of the Ohio Administrative Code.

{¶ 14} "The purpose of the CSPA is to protect consumers, not assign responsibility to consumers to recognize and avoid a business's deceptive acts. *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990); *Fletcher v. Don Foss of Cleveland Inc.*, 90 Ohio App.3d 82, 87, 628 N.E.2d 60 (8th Dist.1993). Reasonable reliance is an element of fraud, but is not an element of a CSPA claim. *Williams v. Am. Suzuki Motor Corp.*, 5th Dist. Stark No. 10076-CA-00172, 2008-Ohio-3123, ¶ 32 (5th Dist.); *Guth v. Allied Home Mtg. Capital Corp.*, 12th Dist. No. CA2007-02-029, 2008-Ohio-3386, ¶ 56. The difficulty in proving fraud was a primary factor in why states enacted consumer protection statutes like the CSPA. *Robinson v. McDougal*, 62 Ohio App.3d 253, 262, 575 N.E.2d 469 (3d Dist.1988) (showing the stricter degree of proof for fraud claim than a CSPA claim). "It is how the consumer views the act or statement which determines whether it is unfair or deceptive." *Frey* at 6. *See id.* (intent is not necessary to be unfair or deceptive).

{¶ 15} This case centers primarily on whether the details of the Chevy's prior history were "known" to JDI, as referenced at Ohio Adm.Code 109:4-3-16(B)(15), and on an exchange between Jones and Schoelein about the Chevy's history. There is a

7.

dispute between Jones and Schoelein, who was no longer employed by JDI and did not testify, with respect to the "I don't know" statement. Jones contends that Schoelein responded with "I don't know anything about the history." JDI claims Schoelein responded that, "I don't know anything."

{¶ 16} Jones is claiming that there is evidence, both direct and circumstantial, that JDI had knowledge of the vehicle's history, that Schoelein misrepresented the history of the Chevy and/or was obligated to inform Jones of the free vehicle report on JDI's website prior to purchasing of the Chevy. Once Jones learned of the vehicle's history, he immediately sought to rescind the transaction with JDI.

{¶ 17} The trial court found the "I don't know" statement between Schoelein and Jones, did not constitute a "representation" under the CSPA. The trial court explained,

> If anything, the [salesman's] non-representation should have put plaintiff on notice that he should further investigate the conditions and history of the car. He could have checked well-known websites such as Carfax. He could have taken the car * * * for a professional opinion. * * * He [Jones] was "running out of time" to find a car given the hour of the day * * *.

Contrary to the trial court's finding, the CSPA does not place responsibility on Jones, as consumer, to avoid JDI's alleged deception. *See Einhorn*, 48 Ohio St.3d at 29, 548 N.E.2d 933.

8.

{¶ 18} In our view, the evidence in the record before the trial court in summary judgment proceedings demonstrated that a genuine issue of material fact existed as to whether JDI had knowledge of the Chevy's history, and whether JDI, through Schoelein, misrepresented JDI's knowledge of that history to Jones in representing a lack of knowledge regarding the vehicle's condition. The regulation required disclosure of "such" information that "is known." JDI purchased that information through its auto check account using JDI's username and password on more than one occasion prior to the sale. Furthermore, the record demonstrated that JDI's own Civ.R. 30(B)(6) witness indicated the salesman's statement that he "didn't know" was not proper and could be construed as a lie. Jones produced evidence showing that other individuals sought to purchase the Chevy but failed to do so once they learned of the vehicle's history. Even without evidence of JDI itself requesting the auto check report, construing the record in Jones' favor, there is circumstantial evidence, properly considered for purposes of summary judgment, that JDI was aware of the vehicle's history and was required to disclose, independently or in response to Jones' inquiry, the vehicle's history prior to Jones signing the purchase documents.

{¶ 19} The direct and circumstantial evidence before the court, proffered by Jones in support of and in opposition to summary judgment, created genuine issues of material fact which preclude summary judgment. *See Price v. KA Brown Oil and Gas*, 7th Dist. Monroe No. 13 MO 13, 2014-Ohio-2298, ¶ 30 (Circumstantial evidence is not inherently less reliable or certain than direct evidence and can be considered when determining

9.

summary judgment is inappropriate).  Moreover, in addition to the conflicting evidence as to JDI's knowledge and representation as to the Chevy's history, the trial court also acted as the trier of fact in evaluating what the trial court considered to be the unreasonableness of Jones' actions following Schoelein's response to Jones' questions regarding the vehicle's history.  And while the trial court and JDI correctly note that "[t]he consumer's perspective must, however, be reasonable in light of the circumstances" *Conley v. Lindsay Acura*, 123 Ohio App.3d 570, 575, 704 N.E.2d 1246 (10th Dist.1997), there is clearly a genuine issue of material fact, when viewing the evidence in a light most favorable to Jones, as to whether Jones' perspective and actions were reasonable.  *See Lindsay v. Tenure Properties Asset. Mgt. Co. Ltd.*, 12th Dist. Butler No. CA 2012-11-215, 2013-Ohio-4124, ¶ 30 (summary judgment inappropriate where there was a need for the trier of fact to determine reasonableness of steps taken and witness credibility).

{¶ 20} Accordingly, Jones' assignment of error is found well-taken.

## Conclusion

{¶ 21} The trial court erred in granting summary judgment on behalf of JDI and dismissing Jones' complaint.  We find that genuine issues of material fact exist as to whether JDI had knowledge of the Chevy's history, and whether JDI, through Schoelein, misrepresented JDI's knowledge of that history to Jones.  Further, because the trial court dismissed Jones' derivative claims, those claims are also reinstated.  The March 8, 2019

10.

decision of the trial court granting summary judgment is reversed.  This matter is remanded for proceedings consistent with this decision.  JDI is assessed the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.