[Cite as *Salmons v. Jones*, 2013-Ohio-5417.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

GLENNA SALMONS,                          :

    Plaintiff-Appellee,              :

                                   Case No. 13CA11

    vs.                              :

                                   <u>DECISION AND</u>
CHUCK JONES,                             :       <u>JUDGMENT ENTRY</u>

    Defendant-Appellant.             :       RELEASED 12/5/2013

APPEARANCES:

James C. Jones, Pro Se, South Point, Ohio, for Appellant.

Hoover, J.

{¶ 1}  This is an appeal from the Lawrence County Municipal Court's ruling granting a writ of restitution[1] and restitution of the premises in favor of Glenna Salmons, appellee herein, and against Chuck Jones, appellant herein. Because we find appellant's arguments to be without merit, we affirm the judgment of the trial court.

{¶ 2}  Appellant presents three assignments of error for our review.

Assignment of Error I:

THE TRIAL COURT FOUND AGAINST MANIFEST WEIGHT OF

THE EVIDENCE BY RULING FOR THE PLAINTIFF WHEN THE

CREDIBLE EVIDENCE SHOWS THE PROPERTY IN QUESTION

---

[1] After the trial court issued the writ of restitution on July 2, 2013, the trial court then recalled the writ of restitution on July 12, 2013 due to the fact that the appellant had filed a notice of appeal.  The writ of restitution was stayed pending the disposition of this appeal.

WAS FRAUDULENTLY CONVEYED TO THE PLAINTIFF BY

JANICE (LYND) COCHRAN IN VIOLATION OF O.R.C. 2913.43.

Assignment of Error II:

THE TRIAL COURT ERRED IN THE RULING FOR THE PLAINTIFF

WHEN THE TESTIMONY OF THE PLAINTIFF CONFIRMS SHE

HAD PAID A BRIBE TO EXPEDITE HER PURCHASE OF THE

PROPERTY IN VIOLATION OF O.R.C. 2921.02.

Assignment of Error III:

THE TRIAL COURT ERRED IN THE RULING FOR THE PLAINTIFF WHEN

THE EVIDENCE AND TESTIMONY SHOWS A PATTERN OF

CORRUPTION IN THE COURTS OR JUDICAL SYETEM [sic] OF

LAWRENCE COUNTY OHIO IN VIOLATION OF:  O.R.C. 2923.32.

{¶ 3}  A review of the record reveals the following facts pertinent to this appeal.

{¶ 4} Appellee Glenna Salmons is the owner by virtue of deed of the subject property located at 414 County Road 1, South Point, Ohio.  Appellee filed a forcible entry and detainer action in the Lawrence County Municipal Court against appellant. Appellant claimed that appellee was not the owner of the property.

{¶ 5}  A separate action had been previously filed in the Lawrence County Common Pleas Court regarding the ownership of the same property.  Appellant had claimed that his civil rights were violated.  Appellant testified that he had lost the case and that the Court of Appeals said "they lacked jurisdiction."  Appellant had further informed the trial court that he had appealed the case to the Supreme Court of Ohio; but it would not hear the case.

{¶ 6} In the forcible entry and detainer case, appellant contended that he could not get to his part of the property without going across the subject property. Appellant claimed that the land had been in his family for over one hundred years. He said that his father ran a business there for thirty-five years. Appellant further claimed that "they're running me out of my home of Fifty-Six (56) years."

{¶ 7} Appellee testified that she owned the subject property; and the trial court examined the deed to the property. Appellee requested the trial court to remove appellant and his four cars and also a building that she felt encroached upon her property.

{¶ 8} Appellant agreed that the appellee had a deed for the subject property; and he agreed that his building was on appellant's property.

{¶ 9} The trial court granted the eviction and gave the appellant ten days to remove his items from appellee's property.

{¶ 10} In his first assignment of error, appellant claims that the trial court's decision was against the manifest weight of the evidence.

{¶ 11} "We will not reverse a trial court's judgment as being against the manifest weight of the evidence as long as some competent, credible evidence supports it." *Amsbary v. Brumfield*, 177 Ohio App.3d 121, 2008-Ohio-3183, 894 N.E.2d 71, ¶ 11 (4th Dist.), citing *Pacific Natl. Bank v. Roulette*, 24 Ohio St.3d 17, 20, 492 N.E.2d 438 (1986), and *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). Under this standard of review, "we must uphold the judgment so long as the record contains 'some evidence from which the trier of fact could have reached its ultimate factual conclusions.' " *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App.3d 326, 2009-Ohio-5263, 920 N.E.2d 1023, ¶ 27 (4th Dist.), quoting *Amsbary* at ¶ 11, in turn

citing *Bugg v. Fancher*, 4th Dist. Highland No. 06CA12, 2007-Ohio-2019, ¶ 9.

Additionally, we are "guided by a presumption that the findings of the trier-of-fact were

indeed correct." *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461

N.E.2d 1273 (1984). "This is because issues relating to the credibility of witnesses and

the weight to be given the evidence are primarily for the trier of fact." *Pottmeyer v.*

*Douglas*, 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, ¶ 21. "The underlying

rationale of giving deference to the findings of the trial court rests with the knowledge

that the trial court judge is best able to view the witnesses and observe their demeanor,

gestures and voice inflections, and use these observations in weighing the credibility of

the proffered testimony." *Seasons Coal Co.* at 80, 461 N.E.2d 1273.

{¶ 12}  In the case sub judice, the appellee testified that she owned the subject

property; and she presented her deed to the trial court.  Appellee further testified that she

served the appellant with the notice to vacate.  The appellant had not made any

arrangements with appellee to live at the property.  The appellant also admitted that

appellee had a deed to the property.  Appellant further admitted that his building was on

appellee's property.

{¶ 13} After reviewing the record, we conclude that there was competent,

credible evidence to support the trial court's decision.  The appellee had testified that she

owned the subject property, had not entered into an agreement allowing the appellant to

remain on the property, and had served appellant with the notice to vacate.  Appellant

agreed that appellee was the owner of the property.  Appellant did not contradict the

evidence presented by appellee.  The trial court did not even have to make any credibility

determinations regarding the testimony of the parties.  Under our standard of review, we

defer to the determinations of the trial court. Thus, we cannot conclude that the trial court's decision was against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is overruled.

{¶ 14} We will now address appellant's second and third assignments of error together. The appellant claims that the appellee had "paid a bribe" to a person or her attorneys, Anderson & Anderson, to commit fraud against appellant. The appellant requests reversal of the lower court's judgment, that Anderson & Anderson be investigated by the Ohio Bureau of Criminal Investigation, and that the court report their misconduct to the Office of Disciplinary Counsel. Appellant further claims that the evidence showed that the Court of Common Pleas and the Prosecutor's Office of Lawrence County are involved in an "illegal criminal racket." The appellant again requests that the lower court's judgment be reversed. Appellant requests that state or federal criminal charges be brought "against the judicial system, 'mafia' of Lawrence County."

{¶ 15} Our independent examination of the record shows that the record is completely devoid of any evidence showing that the appellee had paid a bribe to expedite her purchase of the property. The record is also silent as to any pattern of corruption in the courts or judicial system of Lawrence County. The appellant's assertions are unsupported by any evidence. We have fully reviewed the record and find that no error occurred. Appellant's second and third assignments of error are wholly without merit. *See* App.R. 12(A)(2) ("The Court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *."); *See also Mtge. Electronics Registration Sys. v.*

*Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶ 25 ("An appellant has the duty to exemplify any alleged errors by reference to the record."), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 16}  Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.